UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | Criminal Action No. 5: 17-101-DCR |
| V. | ) | |
| FERNANDO RAFAEL LARA SALAS, | ) | **MEMORANDUM ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Fernando Lara Salas has contemporaneously filed two motions relating to his intention to file a 28 U.S.C. § 2255 motion to vacate, set aside, or correct a sentence. In one motion, he moves to compel attorney John Tennyson to provide him with his case file. [Record No. 189] Lara Salas supports this motion by stating that, although he had retained Tennyson, the attorney has refused to make any contact with him since his direct appeal. *Id.* He desires to proceed *pro se* and asserts that he needs his case file to do so. *Id.* He has also filed a "placeholder motion" requesting that the Court toll the one-year limitations period imposed by § 2255(f) until he receives his case file and § 2255 forms. [Record No. 188]

First, the Court will deny Lara Salas' request to compel Tennyson to produce the case file. "It is assumed that, absent special circumstances, a man in custody can recall sufficiently the circumstances of a nonfrivolous error to frame an appropriate motion to vacate sentence." *Lucas v. United States*, 423 F.3d 683, 684 (6th Cir. 1970) (internal quotations and citations omitted). Moreover, the Court has previously denied defendants' motions to compel case files from former counsel for the purposes of preparing a § 2255 motion. *E.g.*, *United States v.*

*Rowe*, No. 5: 10-CR-19-KSF, 2013 U.S. Dist. LEXIS 88552, at *9 (E.D. Ky. June 24, 2013). *Rowe* reasoned that, while former counsel may have ethical obligations to provide case files to defendants, the Court lacks jurisdiction to compel such attorneys to produce files after they have ceased working on the case. *Id.* The Court likewise declines to compel Tennyson to produce the file in this case because Lara Salas has filed the pending motions *pro se* and desires to proceed *pro se* when he eventually files his § 2255 motion.

Next, a "placeholder" motion will not toll the one-year limitations period because a defendant must file an actual collateral attack affirmatively seeking relief under § 2255 to toll the period. *Ellzey v. United States*, 324 F.3d 521, 523 (7th Cir. 2003), *abrogated on other grounds by Mayle v. Felix*, 545 U.S. 644 (2005); *see also* Rule 2(b) of the Rules Governing Section 2255 Cases in the United States District Courts; *Woodford v. Garceau*, 538 U.S. 202 (2003). "[O]nly documents attacking the conviction on the merits count as collateral attacks. Others—whether motions for the appointment of counsel or requests to save a place in line— do not suffice." *Ellzey*, 324 F.3d at 523. The Court therefore will decline to grant the placeholder motion.

Accordingly, it is hereby

**ORDERED** as follows:

1. Defendant Lara Salas' motion to compel Tennyson to provide his case file [Record No. 189] is **DENIED**.

2. The Defendant Lara-Salas' placeholder motion [Record No. 188] is **DENIED**.

Dated: December 13, 2019.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky