UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff/Respondent, | ) ) ) | Criminal Action No. 5: 17-101-DCR |
| V. | ) ) | |
| FERNANDO RAFAEL LARA SALAS, | ) ) | **MEMORANDUM ORDER** |
| Defendant/Movant. | ) ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Defendant Fernando Lara Salas has filed a motion for an extension of time to file a memorandum in support of his pending motion under 28 U.S.C. § 2255. [Record No. 200] The motion also asks for reconsideration of the Court's prior order [Record No. 199] denying the defendant the ability to proceed *in forma pauperis*. [Record No. 200] Lara Salas seeks *pauper* status so that the Court may enter an order permitting him to obtain copies of thirty-seven documents and transcripts filed in the record free of charge pursuant to 28 U.S.C. § 753(f). [*Id.*]

As the Court has previously explained, "[i]t is assumed that, absent special circumstances, a man in custody can recall sufficiently the circumstances of a nonfrivolous error to frame an appropriate motion to vacate sentence." [Record No. 190 (quoting *Lucas v. United States*, 423 F.2d 683, 684 (6th Cir. 1970) (internal quotations and citations omitted).] Further, an indigent prisoner must make "a special showing of necessity" to receive documents at the expense of the government under § 753(f) for the purpose of supporting a § 2255 motion. *See Lucas*, 423 F.2d at 684.

Lara Salas states that he is indigent, claims that his grounds for relief are not frivolous, and asserts that the Court will require transcripts to rule on the issues he raises. [Record No. 200, pp. 3-4] He attempts to address the factors for free transcripts outlined in § 753(f), but he offers no support for the arguments that the grounds are not frivolous and that the Court will require the transcripts to rule on the motion. [*Id.*] Instead, he offers conclusory recitations of the § 753(f) factors. Further, his explanation (or lack thereof) of the need for free documents does not constitute a "special showing of necessity" as required by *Lucas*. *Lucas*, 423 F.2d at 684. Indigent prisoners face a high bar to obtain free copies of transcripts or documents when filing § 2255 motions, and Lara Salas has failed to meet the burden in this case.

The Court recognizes that it previously granted the defendant leave to file a memorandum in support of his § 2255 motion. It appears that Lara Salas assumed he was entitled to free copies of the requested documents to prepare the memorandum. He is not entitled to free copies, but the Court will nonetheless grant a short extension so that he may file the memorandum to further elaborate on his grounds for relief.

Additionally, the Court ordered the defendant on December 31, 2019, to respond to the question of whether he has waived attorney-client privilege for matters concerning his ineffective assistance of trial and appellate counsel claims. [Record No. 194] He has now filed two motions since that time without commenting on the issue. [Record Nos. 196 and 200] As the Court noted in its prior order [Record No. 194], the United States Court of Appeals for the Sixth Circuit has recognized that a defendant/movant implicitly waives attorney-client privilege when he asserts ineffective assistance of counsel. *In re Lott*, 424 F.3d 446, 452-53 (6th Cir. 2005). Therefore, the Court finds that Lara Salas has waived attorney-client privilege on issues related to his claims for ineffective assistance of trial and appellate counsel.

Being sufficiently advised, it is hereby:

**ORDERED** as follows:

1. Defendant Fernando Lara Salas' motion [Record No. 200] is **GRANTED**, in part, and **DENIED**, in part. The defendant may file a memorandum in support of his pending 28 U.S.C. § 2255 motion [Record No. 192] within **ten (10) days** of the entry of this order. No further extensions shall be granted. The Court declines to reconsider the prior order [Record No. 199] concerning *pauper* status. The Court declines to authorize free copies of transcripts or documents filed in the record pursuant to 28 U.S.C. § 753(f).

2. The Court finds that the defendant has implicitly waived attorney-client privilege regarding his claims for ineffective assistance of trial and appellate counsel. Therefore, the United States may contact the defendant's former counsel for the limited purpose of responding to the issues raised in the pending motion.

Dated: February 5, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky